**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| PATTI MARIE COX | CIVIL ACTION NO. 16-1395 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KATHERINE C. DORROH, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 22) filed by Defendant Judge Katherine C. Dorroh ("Judge Dorroh"). Judge Dorroh seeks dismissal of Plaintiff Patti Marie Cox's ("Cox") complaint for declaratory and injunctive relief. Cox has opposed the Motion to Dismiss. See Record Document 28. For the reasons set forth below, the Motion to Dismiss (Record Document 22) is **GRANTED** and all of Cox's claims against Judge Dorroh are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Cox was arrested for domestic violence in February 2014. See Record Document 12 at 8. She had five court dates in 2014 and believed the charges against her would be dropped. See id. Cox alleges that she began asking for a jury trial on May 5, 2015. See id. She further alleges:

> I was only told that a Domestic Violence charge was a petty offense and a jury trial was not allowed altoug[sic] the average sentence for Domestic Abuse Battery is three years. I have asked for a jury trial at every court date I have had.
>
> In April 2016, I was again charged with Domestic Violence and am now facing up to three years in prison. I again ask for a jury trial on May 17, 2016. Assistance [sic] District Attorney . . . said I would qualify for a jury trial. Judge Dorroh asked me if I was an attorney and I said no. Her reply, "We are not going to do that."
>
> I do not have to be an attorney to have a jury trial. My rights to a jury

trial come from the Sixth and Fourteenth Amendments.

Id.

Cox has sued Judge Dorroh "pursuant to 42 U.S.C. § 1983 for deprivation of rights under color of law in claims arising from violations of federal constitutional rights guaranteed in the Sixth and Fourteenth Amendments." Record Document 12 at 3. More specifically, Cox alleged:

> As a citizen of the United States of America, I have a federal right to a jury trial.
> [Judge Dorroh is] depriving me of my federal rights under color of law that are secured by the U.S. Constitution and Bill of Rights.

Id. at 8. Cox also alleges a violation of 18 U.S.C. § 242, which provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242. As to Section 242, Cox maintains that Judge Dorroh's denial of a jury trial request was "willful," as required by Section 242. Record Document 12 at 9. In her prayer for relief, Cox asks for the following relief:

a. Declare that the acts and omissions of Defendants violate Plaintiffs' [sic] constitutional rights and federal law;

> b. Enter a preliminary and permanent injunction requiring the Defendants, their agents, subordinates, employees and all others acting in concert with them to cease their unconstitutional and unlawful practices and to remedy their violations of the Constitution and the laws;
>
> c. Award to the Plaintiffs [sic] reasonable costs and attorney's fees as codified in 42 U.S.C. § 1988(b); and
>
> d. Grant the Plaintiff such other relief as the Court may deem just and proper.

Id. at 10. There is no prayer for monetary damages.

Judge Dorroh has now filed a Rule 12(b) Motion to Dismiss seeking dismissal on multiple grounds, including lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. See Record Document 22. Judge Dorroh maintains that Cox's claims are barred by the Eleventh Amendment; Cox lacks standing; and Cox fails to state a claim for injunctive or declaratory relief. See id. Cox opposed the motion as to all grounds. See Record Document 28. The Court will analyze the instant motion under Rule 12(b)(6).

**LAW AND ANALYSIS**

**I.      Rule 12(b)(6) Standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under this standard, "factual

allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., 550 U.S. at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679, 129 S.Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966.

**II.     Analysis.**

Pursuant to Section 1983 and Section 242, Cox sues Judge Dorroh in her official capacity as a state judge. She seeks declaratory and injunctive relief, but not monetary damages. See Record Document 12 at 10. At the outset, the Court notes that Cox's claims under 18 U.S.C. § 242 are not cognizable because Section 242 is a criminal statute and it does not convey a private right of action. See Keyter v. Bush, No. 04–5324, 2005

WL 375623, at *1 (D.C.Cir. Feb 16, 2005) (per curiam), *cert. denied*, 546 U.S. 875, 126 S.Ct. 386 (2005). The Court will analyze Cox's requests for declaratory and injunctive relief pursuant to Section 1983 separately.

Declaratory Relief

Cox asks this Court to "declare that the acts and omissions of [Judge Dorroh] violate [her] constitutional rights and federal law." Id. "The Declaratory Judgment Act, 28 U.S.C. § 2201 . . . is an enabling act, which confers discretion on the courts to decide or dismiss a declaratory judgment suit, rather than an absolute right on a litigant." Cain v. City of New Orleans, 184 F.Supp.3d 379, 386 (E.D. La. 2016), citing Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 2143 (1995); Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 387, 389 (5th Cir.2003). "In analyzing claims under the Act, a court must determine (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Cain, 184 F.Supp.3d at 386, citing Sherwin-Williams, 343 F.3d at 387. "In determining whether to exercise its authority to hear a declaratory judgment action, a court should consider the following factors:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedent in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending."

Id. at 387, citing Sherwin-Williams, 343 F.3d at 388. These factors "aim to address concerns of federalism ('the proper allocation of decision-making between state and federal courts'), fairness ('legitimate and proper reasons for forum selection'), and judicial efficiency ('avoid[ing] duplicative or piecemeal litigation where possible')." Id., citing Sherwin-Williams, 343 F.3d at 390-391.

This Court will assume for purposes of the instant Memorandum Ruling that Cox's claims are justiciable and that it has the authority to grant declaratory relief. Thus, the issue is whether the Court should, in its discretion, exercise that authority. Here, retaining Cox's declaratory judgment suit would not serve federalism or judicial efficiency. This Court is being asked to order a state court to set a jury trial. Such matters are more appropriately handled by the state court and state court judges in their adjudicatory capacities.[1] Thus, this Court declines to exercise its jurisdiction over Cox's declaratory

---

[1] Cox alleges that she is entitled to a jury trial because she faces up to three to six years in prison. See Record Document 12 at 8. Yet, Cox only alleges that she was charged twice with domestic abuse battery. See id. She does not allege that she was convicted. See id.

La. R.S. 14:35.3(c) provides that "on a **first conviction** [for domestic abuse battery], . . . the offender shall be fined not less than three hundred dollars nor more than one thousand dollars and shall be imprisoned for not less than thirty days nor more than six months." A jury trial is required when the maximum permissible confinement exceeds six months. See Baldwin v. New York, 399 U.S. 66, 90 S. Ct. 1886 (1970). The Fifth Circuit has recognized that state legislatures are tasked with determining whether a crime is classified as petty and setting imprisonment terms and "there is simply no warrant in history, precedent, or policy for the federal judiciary to second-guess that legislative determination on the basis of the judiciary's own conclusions." Landry v. Hoepfner, 840

judgment action.

Injunctive Relief

Cox also asks this Court to "enter a preliminary and permanent injunction requiring [Judge Dorroh], [her] agents, subordinates, employees and all others acting in concert with them to cease their unconstitutional and unlawful practices and to remedy their violations of the Constitution and the laws." Record Document 12 at 10. While she uses the word "cease," Cox is in actuality asking this Court to order Judge Dorroh to set a jury trial. Yet, "federal courts have no authority to issue injunctive relief directing state courts or their judicial officers in the performance of their duties." Bazile v. Moore, No. CV 4:17-01035, 2017 WL 2362496, at *3 (S.D. Tex. May 31, 2017), citing LaBranche v. Becnel, 559 Fed.Appx. 290 (5th Cir. 2014); Holloway v. Walker, 765 F.2d 517, 525 (5th Cir. 1985); & Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973). Thus, Cox has failed to state an injunctive relief claim that survives Rule 12(b)(6) scrutiny.

Costs and Attorney's Fees

Finally, Cox seeks reasonable costs and attorney's fees. See Record Document 12 at 10. It is well established that pro se litigants are not permitted to recover attorney fees under 42 U.S.C. § 1988. See Kay v. Ehrler, 499 U.S. 432, 111 S. Ct. 1435 (1991); Cofield v. Atlanta, 648 F.2d 986 (5th Cir. 1981); Prewitt v. Alexander, 173 F.R.D. 438 (N.D. Miss. 1996). Cox is not a prevailing party under Rule 54(d) and is not entitled to costs. Thus, her request for reasonable costs and attorney's fees is denied.

---

F.2d 1201, 1210 (5th Cir. 1988).

## CONCLUSION

The Court finds that Cox has failed to state a claim for declaratory or injunctive relief upon which relief can be granted. Cox's claim for declaratory relief fails because exercising jurisdiction over such claim would not serve federalism or judicial efficiency. As to her claim for injunctive relief, federal courts have no authority to issue an injunction ordering a state court to set a jury trial.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Record Document 22) filed by Judge Dorroh be and is hereby granted. All of Cox's claims against Judge Dorroh are **DISMISSED WITH PREJUDICE**. In light of this dismissal, the Motion to Dismiss (Record Document 14) previously filed by Judge Dorroh is **DENIED AS MOOT**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of August, 2017.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE